JACOB S. NILKIN, complainant,

*v.*

PINKAS F. SILVERMAN and ETTA SILVERMAN, his wife,
defendants.

[Decided February 20th, 1924.]

A mortgage given to a surety to secure the payment of a note may
be assigned to the holder of the note. Such assignment simply clothes
him with the legal title to that which in equity would be his by
subrogation.

*Mr. Abraham Henig,* for the complainant.

*Mr. Benjamin M. Weinberg,* for the defendants.

BACKES, V. C.

This case is before me on an agreed state of facts. The
bill is to foreclose a mortgage on real estate given by the
defendants to Brown-Hunkele Corporation, and by it assigned
to the complainant. The provision in the mortgage is that
if the mortgagors shall pay to the mortgagee

"The sum of forty-five hundred dollars represented by a promissory
note of even date herewith, made by the party of the second part
and given to Max Silverman, or any renewal or renewals of the same
(this mortgage is given to secure the party of the second part from
any and all liability by reason of the delivery by the party of the
second part to Max Silverman, of a promissory note on which the
sum of $4,500 is due in three months from the date hereof, or any
renewal or renewals of said note, and in the event said note is paid
when due, or paid at any renewal date, the within mortgage is to be
immediately canceled, otherwise to remain in full force and effect)."

The note was endorsed by Max Silverman to the complain-
ant, an innocent purchaser for value, and when it came due
it was protested for non-payment. The Hunkele company

thereupon assigned the mortgage to the complainant. Without going into the antecedents of the note it is sufficient to say that it was given by the Brown-Hunkele Corporation for the accommodation of Max Silverman, and that the latter is the primary debtor and the corporation the surety.

The defense is that the mortgage is personal to the Brown-Hunkele Corporation to secure it against liability on the note; that it is not assignable, and that it can be foreclosed only by the mortgagee. The position is not sound.

The mortgage was given not only to indemnify the surety against liability on the note, but also to pay the debt, and the holder of the note is entitled to the benefit of the security. The assignment of the mortgage to the complainant simply clothed him with the legal title to that which in equity would be his by subrogation. In *Demott* v. *Stockton Paper Ware Manufacturing Co., 82 N. J. Eq. 124, 131,* it is laid down that "as a general rule, where a surety or a person standing in the situation of a surety for the payment of a debt, receives security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security; and it makes no difference that such principal creditor did not act upon the credit of such security in the first instance. And the right of the creditor is the same when the security is a mortgage or other lien given to the surety by the principal after the principal and surety have both become bound, even though there may have been no previous agreement that indemnity should be given, and to entitle the creditor to enforce this right in equity, it is not necessary that he should have exhausted his remedies at law or have reduced his debt to judgment. *Brandt Sur.* § *282.*

If the mortgage had been given to the surety only as indemnity against liability the creditor would be entitled to subrogation. *Meyers* v. *Campbell, 59 N. J. Law 378; Johnson* v. *Martin, L. R. A. 1916 c. 1057.*

The complainant is entitled to a decree.